THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. ELMER HYATT, Appellant.

*Crimes — conviction for murder in first degree affirmed — unsatisfactory record — failure to refer in brief to folios of record — duty of district attorney in preparation of record and brief.*

(Argued May 6, 1920; decided June 8, 1920.)

APPEAL from a judgment of the Supreme Court, rendered September 29, 1919, at a Trial Term for the county of Monroe, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Elmer M. Shaffer* for appellant.

*William F. Love, District Attorney*, for respondent.

*Per Curiam.* There is no reasonable doubt that the defendant is guilty of the crime with which he is charged. No errors affecting his substantial rights have been shown either in admitting his confessions as evidence or otherwise. In affirming the judgment of conviction it would be unnecessary to write even this memorandum except to call attention to the very unsatisfactory record filed herein and furnished for the members of the court. Several statements, made by the defendant after the homicide, were taken by a stenographer. At the trial, after some fragmentary testimony as to such statements had been given, typewritten copies of the statements prepared by the stenographer from his minutes were received in evidence. Such copies, although designated as exhibits, are really but transcripts of the defendant's answers to questions put to him, which had been prepared in advance by the stenographer from his stenographic minutes and which he testified were correct copies of the statements made by the defendant, and they were ·received in bulk without requiring the stenographer as a witness, with the the aid of such minutes, to give oral testimony of the defendant's statements.

The typewritten transcripts were filed with the court, and such original copies, unexplained, are also unsatisfactory in form and in general appearance. Such transcripts, although designated as exhibits, should have been

36

printed as a part of the record. The result of the failure to print such transcripts has been that the individual members of the court have not had such important testimony in the case, which involves the life of the defendant, before them in printed form, but have been required individually to examine the unsatisfactory originals that were filed as a part of the record in the case.

Although the clerk of the court is not required to print ordinary exhibits as a part of the record, it is the duty of a district attorney, in case of so-called exhibits such as those mentioned, to have them included by obtaining an order of the court therefor, or otherwise, as a part of the printed record to be filed and served.

The brief of the respondent does not comply with rule 8 of this court because the statement of facts contained therein does not include a reference to the folios of the record where evidence of such facts may be found.

The unsatisfactory condition of the record before us, and the failure of the respondent to refer in his brief to the folios of the record where the evidence to sustain his statement of facts may be found, are not only subject to criticism but would justify a refusal by the court to receive and consider them as filed.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, Mc-LAUGHLIN, CRANE and ELKUS, JJ., concur.

Judgment of conviction affirmed.